GEORGE F. CAMPBELL *v.* JOHN H. BRANDENBURGER.

*(May* 5, 1932.)

HARRINGTON, J., sitting.

*Harry K. Hoch* and *Leonard G. Hagner* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court·for New Castle County, action. on the case for negligence, No. 132, November Term, 1931.

HARRINGTON, J., delivering the opinion of the Court:

By finding a verdict for the plaintiff the jury necessarily found that the defendant was negligent and that the plaintiff's injuries and other damages were caused thereby; and the evidence clearly justifies that conclusion. The jury was also clearly instructed as to the measure of damages in case their verdict should be for the plaintiff.

At common law, differing from cases where the verdict was excessive, it seems that the Court would seldom, if ever, set aside a verdict where the damages awarded were too small, if such damages were necessarily uncertain, as in tort actions. 2 *Tidd's Pr.* 940.

This rule, however, does not apply in this state. *Fulmele v. Forrest,* 4 *Boyce* 155, 86 *A.* 733, 736. In that case the Court in the exercise of its judicial discretion refused to set aside a verdict for the plaintiff, for six cents, in a tort action, because from the evidence it was deemed equivalent to a verdict for the defendant. The Court, however, said: "Where a verdict is grossly inadequate, or, as in this case, is merely nominal, and it manifestly appears that the plaintiff is entitled to substantial damages, the same legal principles govern, in an application for a new trial, as where the damages awarded are grossly excessive. But a verdict should not be set aside for inadequacy where the facts and attending circumstances relied upon for a recovery of substantial damages are not clear and undisputed." See, also, *Johnson v. Porter,* 2 *Harr.* 325; *Sedgwick on Damages,* § 1326; 46 *C. J.* 207.

As I have already indicated, because the amount of damages suffered is a matter peculiarly within the province of the jury, generally speaking, a Court will not, therefore, set aside a verdict merely because they would have awarded a greater or less sum. See, also, *Phillips v.*

*Railway Co.*, 5 *Q. B. D.* 78 (85) ; *Doody v. B. & M. R. R. Co.*, 77 *N. H.* 161, 89 *A.* 487, *Ann. Cas.* 1914*C*, 846.

If, however, a verdict in a tort action is so unreasonably large that it is apparent that the jury did not consider the evidence in a reasonable and dispassionate manner, or that they must have disregarded the instruction of the Court, so that it is clear that justice was not done, a verdict will be set aside and a new trial granted unless a reduction in the judgment to be entered thereon is agreed to, and a remittitur filed. *Woolley's Del. Pr.*, § 736; *Shea v. Kerr*, 1 *Penn.* 198, 40 *A.* 241.

While more unusual because of the difficulty of making it clearly appear that gross error has been committed and injustice done, the same thought as to verdicts that are clearly inadequate was also expressed in *Fulmele v. Forrest*, 4 *Boyce* 155, 162, 86 *A.* 733, 736, *supra*, when in addition to the language above quoted, the Court further said:

"Generally courts are adverse to disturbing verdicts merely on the ground of inadequacy, and will not do so unless the verdict clearly indicates some such wrong or error, as passion, partiality, prejudice, mistake, or misapprehension."

If, therefore, based on the undisputed evidence a verdict is so unreasonably small that it clearly and unequivocally appears that serious error with respect to the amount of it was committed, it will be set aside and a new trial granted.

Tort actions were not involved but the verdicts were set aside in *Prettyman v. Waples*, 4 *Harr.* 299, and in *State v. Layton*, 3 *Harr.* 469, 480, because it was apparent from the undisputed evidence that the instructions of the Court had been disregarded by the jury. See, also, *Woolley's Del. Pr.*, § 735.

As a matter of fact, that is the real principle involved in this case, as, even disregarding other uncontradicted evidence, it is also apparent, from undisputed evidence, that $2,000 was less than the expenses that were

necessarily incurred by the plaintiff as the result of the negligence of the defendant.

The plaintiff in his motion requested that the issue on the new trial be restricted to the question of damages suffered by him from the negligence of the defendant.

■ In clear cases of negligence and where the evidence on that question has been undisputed that rule has been applied in a few states, but, so far as I know, is unknown to our practice. At any rate, I prefer not to apply it in this case, at least, without a more specific argument on that particular question. That part of the plaintiff's motion is, therefore, denied, though for the reasons above given the new trial must be granted.

At the second trial, the Court (HARRINGTON, J., sitting), among other things, charged the jury:

■ That whether their verdict should be for the plaintiff or for the defendant was for them to determine; but if their verdict should be for the plaintiff the mere fact that the Street and Sewer Department of the city of Wilmington, by which the plaintiff was employed when he was injured, as a mere gratuity and without the performance of any services whatever by the plaintiff, or any understanding with him that such sums should be repaid, continued to give him an amount equivalent to his previous weekly wages during the whole period that he was unable to work, would not relieve the defendant of his liability to reimburse the plaintiff for such actual loss of time and wages as were caused by the defendant's negligent act. *Nashville, etc., R. Co. v. Miller*, 120 *Ga.* 453, 47 *S. E.* 959, 67 *L. R. A.* 87, 1 *Ann. Cas.* 210; *Elmer v. Fessenden*, 154 *Mass.* 427, 28 *N. E.* 299; *Quigley v. Pa. R. R. Co.*, 210 *Pa.* 162, 59 *A.* 958; 18 *A. L. R.* 678, *note; Sedg. on Dam.*, § 67; 17 *C. J.* 782.[1] See, also, 22 *A. L. R.* 1558.

---

[1] See *Chielinski v. Hoopes & Townsend Co.*, 1 *Marv.* 273, 40 *A.* 1127, where the Court permitted an inquiry as to the amount of wages paid the plaintiff by the defendant company after the plaintiff was injured.