EDNA YARRINGTON, Plaintiff Below, Appellant, v. JOSEPH F. THORNBURG, ROBERT JOSEPH DVORAK and FRANK MULLER, Defendants Below, Appellees.

( *November* 11, 1964)

WOLCOTT and CAREY JJ., and MARVEL, Vice Chancellor, sitting.

*Bruce M. Stargatt* and *Richard H. May,* of Morford, Young & Conaway, for appellant.

*Warren B. Burt,* of Prickett & Prickett, for appellee Thornburg.
*George L. Sands,* for appellees Dvorak and Muller.

Supreme Court of Delaware, No. 35-1964.

CAREY, Justice.

This appeal from the Superior Court for New Castle County seeks reversal of an order which reduced the amount of a judgment against a tortfeasor, the reduction representing the sum paid to the plaintiff for a portion of her medical expenses under a policy of insurance carried by the tortfeasor.

The question presented is whether a tortfeasor is entitled to a credit, in reduction of damages, for payments made to the injured person on account of medical expenses under an insurance policy, the premium for which was paid by the tortfeasor.

The appellant in this case was a passenger in an automobile driven by the appellee Thornburg and sustained injuries when that automobile collided with a vehicle driven by defendant    Muller and owned by his employer, defendant Dvorak. At the time of the accident, Thornburg

carried an insurance policy which insured him against liability for bodily injuries and property damage caused by the operation of the automobile. It also included an agreement to pay the medical expenses, up to $5000, suffered by any person injured while occupying, or through being struck by the insured's automobile. Under this latter provision, the insured carrier paid the plaintiff $5000. The policy contained no express language stating that such payment could be deducted from damages recoverable by the plaintiff in an action against the insured. Moreover, although the plaintiff signed a release for the amount paid, it is undisputed that the release constituted no waiver of any claim for damages in this action.

At the trial, Thornburg requested that, should the jury find for the plaintiff, they be instructed to deduct $5000 from the damages assessed against him. By agreement of all counsel, however, the jury was not given this instruction but the matter was deferred until after announcement of the verdict. The jury made a finding in plaintiff's favor in the totat amount of $40,000. For purposes of the Uniform Contribution Among Tortfeasors Act, 10 *Del. C.* Sec. 6301 etc., the jury found that Thornburg should be ultimately responsible for $36,000 and the other defendants for $4000. Thornburg's request for the credit of $5000 was later allowed by the trial Court which ordered that amount credited to the judgement against Thornburg. It is this holding that appellant now questions.

Under the collateral source rule, a tortfeasor has no right to any mitigation of damages because of payments or compensation received by the injured person from an independent source. As stated in 25 C.J.S. Damages Sec. 99:

"The wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him."

Obviously, unless the collateral source doctrine is applicable in Delaware, the appellant would have no argument in this case, and as

this Court has had no prior occasion to consider it, we must determine whether the doctrine is a part of the Delaware law. The earliest reported case here appears to be *Campbell v. Brandenburger,* 5 W.W. Harr. 203, 35 Del. 203, 162 A. 354, wherein our Superior Court applied the rule to wages paid by plaintiff's employer, who was not the defendant. We are aware that our trial Courts have consistently followed the precedent of the Campbell decision and have frequently applied it to hospital and medical bills paid through sources other than a defendant. The general rule, subject to varying modifications appears to have been accepted by practically every jurisdiction in this country. 15 Am.Jur.615. In any event, we are of the opinion that it is firmly embedded in our law, and we recognize it to be the law of this State.

The collateral source doctrine is predicated upon the theory that a tortfeasor has no interest in, and therefore no right to benefit from, monies received by the injured person from sources unconnected with the defendant. The doctrine, however, does permit the tortfeasor to obtain the advantage of payments made by himself or from a fund created by him; in such an instance the payments come, not from a collateral source, but from the defendant himself. *Cf. Chielinsky v. Hoopes & Townsend Co.,* 1 Marv. 273, 15 Del. 273, 40 A. 1127. Obviously in the present case, the fund of $5000 was directly created by Thornburg. His purchase of the insurance and payment of premiums were the sole cause for the existence of the fund and we are unable to perceive any valid reason why he should not receive credit for the fund thus created by him.

The authorities on the present point are admittedly in conflict. Appellant relies principally upon the ruling of the District Court for the District of Delaware in *Truitt v. Gaines,* 199 F.Supp. 143, affirmed on the other grounds, 3 Cir.,318 F.2d 461. The Court in that case was in the position of having to determine the Delaware law when, in fact, there were no Delaware precedents. Its ruling was in accord with those cases which had at that time been decided in other states. These consisted of *Severson v. Milwaukee Automobile Insurance Co.,* 265 Wis. 488, 61 N.W. 2d 872, 42 A.L.R.2d 976; *Long v. Landy,* 35 N.J. 44, 171 A.2d 1; and several intermediate appellate decisions in Louisiana. The Louisiana cases have since been expressly overruled by the highest

Court of that State. *Gunter v. Lord,* 242 La. 943, 140 So.2d 11; cf. *Briley v. North River Ins. Co.,* La.App., 161 So.2d 449. The Severson case was a suit against the insurance carrier itself and it was held that the coverages under the liability and the medical payment clauses were separate and that the plaintiff could accordingly recover under both provisions. In the case before us, of course, the insurance company is not a party and the question of its liability is not before us.* We find it difficult to accept the thesis that the carrier's double liability, existing because of its contract, subjects the tortfeasor also to double liability for that portion of the damages he has caused to be paid.

After the decision in the Truitt case, supra, certain other authorities ruled the opposite way on the present point. *Gunter v. Lord, supra; Dodds v. Bucknum,* 214 Cal. App.2d 206, 29 Cal.Rptr. 393; and *Tart v. Register,* 257 N.C. 161, 125 S.E.2d 754. All these cases allowed a credit in situations like the present one. We are, of course, not bound by the Truitt decision and, while we hold in high esteem the Court which decided it, we are constrained to adopt the reasoning and result of the opposite line of cases. We agree with the decision of the Court below in allowing this credit to defendant Thornburg.

We express no opinion concerning any possible right of the other defendants to receive the benefit of this credit; that point was not decided by the lower Court and is not presented here.

The decision of the Superior Court will be affirmed.

*We are informed that the judgement against Thornburg is considerably greater than the total policy limits.