## Valimont v. Usnarski

*Herman M. Rodgers,* for plaintiffs.

*Donald R. McKay,* for defendant.

STRANAHAN, P. J., October 30, 1969.—Plaintiffs, defendant, and defendant's insurance carrier, being all parties in interest, have joined in this petition for

declaratory judgment, asking the court to determine their respective rights under an agreed statement of facts which have been stipulated to by the parties.

The minor plaintiff, who was 19 years of age when injured in an automobile accident, was riding as a guest passenger in an automobile operated by defendant. As a result of the injuries, he had an amputation of his leg and incurred medical expenses in excess of $2,000.

Defendant is insured under a policy providing coverage for medical services with limits of $2,000, and for liability for bodily injury with limits of $10,000.

Plaintiffs commenced an action in trespass by the issuance of a writ of summons and no complaint has been filed. Defendant's insurer has paid plaintiff the sum of $2,000, the maximum under the medical pay coverage. The parties desire to settle the case within the policy limits, and plaintiff has secured leave of court to do so.

The parties dispute the amount plaintiff is entitled to, and specifically, whether defendant, having paid plaintiffs $2,000 under the medical pay, is entitled to a credit in this amount, under the liability coverage, under the circumstances, as set forth in the stipulated facts.

Defendant and his insurance company argue that the issue to be determined in this declaratory judgment is whether defendant's liability insurance carrier, which has paid plaintiff's medical expenses to the maximum of the medical payment provision in the policy, is entitled to a credit for such payment upon its limit of liability coverage for bodily injury.

It is the position of defendant and his insurance carrier that a credit of $2,000 is justified, and that defendant, therefore, would only be required to pay a total of $10,000 in order to fulfill the requirement of

his settlement that the maximum limits of the policy will be paid to plaintiff.

In support of this position, defendant and his company rely upon the case of Yarrington v. Thornburg, 205 A. 2d 1 (1964, Del. Superior). In that case, the court holds that a credit can be obtained under the factual circumstances of that case, since the insurance policy represents a fund created by the insured, and that an injured party is not entitled to collect twice for the same damages.

The Yarrington case has received some support in Pennsylvania in the reported cases of Krineski v. McKinney, 43 D. & C. 2d 295 (1967); Bahl v. Williams, 51 Erie 70 (1968); and Finley v. Lohr, Jr., 45 D. & C. 2d 62 (1968).

An extensive review of the cases from other jurisdictions dealing with this subject matter appears in 11 A.L.R. 3rd 1115.

While we are inclined to agree with the logic of the Yarrington case, we do not believe that the issue before the court is similar to the issue in the Yarrington case. It is true that if defendant had a verdict of $10,000 or less against him, he should not be required to pay that verdict plus $2,000 in medical payments from the fund which he has created by his insurance policy. To require him to do this would, of necessity, put him in a position where he would be paying twice for the same damages.

This case does not involve that situation, but rather involves the question of the extent of liability under an insurance policy of the type being interpreted in this case. Since Erie Insurance Exchange is a party to this declaratory judgment, the court can interpret its contract and make a determination of what the maximum liability under the contract is. We believe that this decision must hinge upon an inter-

pretation of the insurance contract, since the insurance company must pay the maximum amount due under the contract, and there is no stipulation that plaintiff will be paid twice if he receives both the $10,000 under the liability provision, and $2,000 under the medical pay provision. The issue becomes a rather simple one. That issue is whether the insurance contract by its very terms permits the insurer to claim a credit on the liability provision for the amount paid under the medical provision.

An examination of the contract fails to disclose any language that this court can find that would authorize such a credit. Such being the case, we must hold that the insurance company is liable to pay $12,000 under its policy, which amount consists of $2,000 under the medical pay, and $10,000 under the liability provision. No credit can be claimed by the insurance company or defendant in the absence of any indication that plaintiff is receiving a "windfall," which would be brought about by his receiving two payments for the same damage.

Since it appears from the stipulated facts that defendant has suffered a severe injury and has incurred sizeable damage, this court cannot find anything that would indicate that a credit should be allowed.

This is further borne out by the fact that the very purpose of the declaratory judgment is to determine what the maximum amount under the policy is. We believe that it is $12,000.

## ORDER

And now, October 30, 1969, the court finds that the medical payments made under the provision of the policy are not to be a credit on the amount due under the liability coverage of said policy. The court does further find that the maximum amount due under the policy is $12,000.