**Lionel O. DEBERNARD and Louise Debernard, Plaintiffs Below, Appellants,**

**v.**

**Raymond REED and Nu-Car Carriers, a foreign corporation, Defendants Below, Appellees.**

Supreme Court of Delaware.

April 5, 1971.

William M. Chasanov, of Brown, Shiels & Barros, Georgetown, for appellants.

Robert G. Carey, of Prickett, Ward, Burt & Sanders, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the Superior Court's denial of a new trial after the jury returned a verdict for the defendants on the issue of damages.

The accident, out of which this action arose, occurred when plaintiffs' car was waiting for a red light and was struck from behind by a truck owned by one of the defendants and operated by its em-ployee. The impact was slight and no damage resulted to either vehicle. At the close of the evidence a directed verdict was entered for the plaintiffs on the issue of liability, and the case was submitted to the jury on the issue of damages, both property and personal. The jury returned a verdict for the defendants.

The plaintiff testified that two years before the accident at bar, he had had a severe whiplash type of injury, but that he had completely recovered from it prior to this instance. The X-rays submitted showed the plaintiff had an injured back complicated by an arthritic condition.

The plaintiff called medical expert witnesses who testified as to the injured condition of the plaintiff's back, and that the condition could well have been aggravated by the accident. However, on cross-examination the plaintiff's experts admitted that their opinions as to aggravation were based upon plaintiff's oral representations to them. The defendants produced medical testimony to the effect that it was unlikely that any of the plaintiff's injuries were the result of the minor accident at bar.

It is thus apparent that, of necessity, the jury had to decide an issue of fact raised by the conflict in the medical opinions given by the expert witnesses. In addition, since the plaintiff's experts relied upon the oral representations made to them by the plaintiff, it is apparent that the jury had to determine the credibility of the plaintiff's oral representations. If it found them not to be trustworthy, then there was no evidence for the plaintiff on the issue of damages for personal injury. The resolving of such a question lies solely within the province of a jury.

A jury is free to accept or reject in whole or in part testimony offered before it, and to fix its verdict upon the testimony it accepts. Chavin v. Cope, 243

**686**

A.2d 694 (Del.Supr., 1968). It seems apparent to us that the jury in this case rejected the plaintiff's testimony and gave judgment for the defendant. This being the fact, and no showing of passion, partiality, prejudice, mistake or misapprehension having been shown, a new trial will not be ordered on the basis of inadequacy. Taylor v. Riggin, 1 Terry 149, 7 A.2d 903 (1939); Campbell v. Brandenburger, 5 W.W.Harr. 203, 162 A. 354 (1932).

However, the plaintiff argues that the testimony of his medical witnesses attributing his back injuries to the accident was uncontroverted, and must therefore be accepted. Such is not the case for his experts' conclusions rested upon his own oral representations which could be accepted or rejected by the jury. Assuming the contrary, however, does not help the plaintiff. Since the opinions were largely based upon the plaintiff's subjective complaints, the jury could conclude that the experts had given undue weight to these subjective complaints, even though the medical testimony concerns matters not within the experience of the average juror. Essenburg v. Cabane, 196 F.Supp. 83 (D.Hawaii 1961); Shaw v. Puleo, 159 So.2d 641 (Fla.1964).

White v. Acker, 155 So.2d 176 (Fla.App. 1963) is strikingly similar to the case at bar. This was an action to recover damages allegedly resulting from the slight striking of the rear bumper of the plaintiffs' car by the defendant's vehicle. Summary judgment was entered for the plaintiffs on the issue of liability and the jury awarded no damages. On appeal it was argued that since the plaintiff's medical testimony was uncontroverted, the jury must award some damages. It was held that since this testimony was based on the plaintiff's subjective complaints, the jury was free to disbelieve them and to award no damages.

We therefore hold that the jury properly acted within its province in awarding no damages for personal injury, and that the trial judge did not abuse his discretion in denying the motion for a new trial.

The judgment below is affirmed.