**SEARS, ROEBUCK AND COMPANY, Appellant-Employer,**

v.

**Eugene P. FARLEY, Appellee-Employee.**

Supreme Court of Delaware.

April 4, 1972.

Andrew B. Kirkpatrick, Jr. and Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant-employer.

John Biggs, III, of Biggs & Battaglia, Wilmington, for appellee-employee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from an Order of the Superior Court in a second appeal from the Industrial Accident Board reversing the Board and ordering compensation to be paid the claimant, Eugene F. Farley. The employer, Sears, Roebuck and Company, appeals.

It would serve no useful purpose to detail the facts of this matter. Suffice it to say that Farley was hired by Sears in 1951, and was promoted to display supervisor in 1953. He was demoted to displayman in 1965, and was replaced as supervisor by a younger man new to the store. His replacement testified that Farley was "probably" demoted because of his defective vision.

Later in 1965, Farley was struck by a car in Sears' parking lot, suffering minor injury to the tissue of his right arm, shoulder and thigh. He returned to work the next day with his arm in a sling. Ultimately, on May 31, 1966, Farley was retired under the Sears' pension plan as totally disabled. He thereafter sought employment in some six other stores without success. He ultimately sought workmen's compensation, claiming his disabilities were occasioned by the accident of 1965.

Farley called as a witness a doctor who had been his family doctor since 1955, but who had in recent years specialized in psychosomatic medicine. He testified that Farley was suffering from post-traumatic neurosis, also called "conversion hysteria", and that the "competent producing cause" was the accident of 1965.

The employer called as a witness an orthopedic surgeon who had examined Farley and who testified that he could find no objective causes for Farley's professed difficulty in using his right arm and leg, and his other complaints of debilitating pains. This doctor refused to express an opinion on Farley's mental state.

Upon this record, the Industrial Accident Board made the following finding:

"3. That the Board was not convinced by a preponderance of the evidence that he [Farley] did in fact suffer from a conversion hysteria; and that if he did the Board is not convinced that said condition was a result of the automobile accident, rather than his knowledge that he had been demoted on a performance basis and subjected to taking orders from a new man in his department where he had worked for several years, that new man being many years his junior."

The Superior Court reversed the Board's finding on the ground that there was no substantial competent evidence in the record to support it. M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Del.Supr.1967). The Court found that the doctor's testimony that the accident of 1965 was the "competent producing cause" of his psychosomatic complaints was unrebutted on the record, and was competent evidence to the direct contrary. This, despite the fact that both the claimant's doctor and the employer's doctor were in agreement that Farley had no physical permanent injuries as a result of the accident. As a matter of fact, the claimant's own doctor testified that his injuries of 1965 were not serious, and that a normal person would have no effects from them after "a couple of months".

We think the Superior Court was wrong in holding, because of an uncontroverted statement by the doctor that Farley's psychosomatic complaints were the direct result of the 1965 minor accident, that the finding of the Board to the opposite was not supported by substantial competent evidence.

■ It is, of course, true that an award for a post-traumatic hysteria may be made when the hysteria occurs when a worker sustains a primary disabling physical injury and thereafter develops a secondary mental condition which causes him to believe that he still suffers from the disabling effects

of the physical injury, even though he has in fact fully recovered physically. Fiorucci v. C. F. Braun & Co., 4 Storey 79, 173 A.2d 635 (Super.Ct.1961).

 In the light of this record, we think the evidence presented was at best confusing and contradictory as to the cause of Farley's conversion hysteria. It could have occurred for several reasons, the least probable of which was the very minor accident of 1965. We think the Board in its finding recognized that circumstance and, in effect, held that Farley had failed to prove the connection by substantial evidence. We think it was correct in so finding.

The Superior Court, in holding to the contrary, accepted the statement of claimant's doctor at face value since it was not contradicted on the record. In so doing, we think the Court was wrong by reason of our decision in DeBernard v. Reed, 277 A.2d 684 (Del.Supr.1971), which was handed down subsequent in time to the decision below in the case at bar. In *DeBernard* it was argued that the plaintiff's medical testimony was uncontroverted and must therefore be accepted by the jury, which found in favor of the plaintiff as to liability, but refused to award any damages. We held, however, that where medical testimony is based solely upon the subjective complaints of the plaintiff, a jury is free to accept or reject that medical testimony. Such, we think, is the case at bar.

The fact that *DeBernard* was a jury trial makes no difference. The Board was sitting as the trier of fact in this litigation, and, as such, was discharging the function of the jury. It is a distinction without a difference, and we consider *DeBernard* controlling.

The judgment below is reversed and the cause remanded with instructions to affirm the award of the Industrial Accident Board.