## Stone v. State Farm Mutual Automobile Ins. Co.

*William A. Addams,* for plaintiff.
*George F. Douglas, Jr.,* for defendant.

WEIDNER, *J.,* July 21, 1975—On April 21, 1974, Paulette Stone, a minor, was a passenger in

an automobile operated by William C. Morrow, Jr., and was involved in an accident. As a result, Miss Stone was seriously injured and has been hospitalized since the date of the accident. The parties agree that the accident was caused by the negligence of Morrow, who was insured by State Farm in the maximum amounts of $50,000 for bodily injury liability and $5,000 for medical payments. Considering Miss Stone's extended treatment and hospitalization, her actual medical expenses are now in excess of $50,000. State Farm has indicated a willingness to pay the limits of its policy liability under both bodily injury and medical payments coverage. However, the parties have been unable to agree on the exact limits of this liability.

This matter is now before the court on a petition filed June 18, 1975, on behalf of Miss Stone by her guardian ad litem, William A. Addams, Esq.

Pursuant to the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, as amended and supplemented, 12 P.S. §831, et seq., this petition requests an interpretation of the relevant terms and provisions of State Farm policy no. 5689-881-A02-38B and a determination of the rights and liabilities of the parties based thereon. The parties have agreed to disposition by this declaratory judgment.

The central issue presented is whether an insurer may claim as a credit, payments made under a policy's medical payments coverage against the limit of liability provided in the same policy's bodily injury coverage, where actual damages suffered by the claimant are in excess of the $50,000 bodily injury liability, and the $5,000 medical payments coverages specified.

A number of Pennsylvania cases have considered this issue. See Krineski v. McKinney, 43 D. & C. 2d

295 (Erie Co., 1967); Finley v. Lohr, 45 D. & C. 2d 62 (Delaware Co., 1968); Bahl v. Williams, 51 Erie 70 (1968); Valimont v. Usnarski, 48 D. & C. 2d 365 (Mercer Co., 1969); Lock, Trenbeerth v. Sterner, 59 D. & C. 2d 463 (Northampton Co., 1972). In the absence of appellate court precedent, these cases have all cited and relied upon Yarrington v. Thornburg, 205 A. 2d 1 (Del., 1964), annotated in 11 A.L.R.3d 1110, generally regarded as the leading case on issue. In Yarrington v. Thornburg, supra, the court allowed defendant tortfeasor a credit of $5,000 for medical payments paid by his insurance carrier against total damages assessed in a judgment entered in favor of plaintiff. In reaching this conclusion, the court adhered to a principle of precluding potential double recovery by plaintiff. This opinion, however, speaks specifically of a credit allowance against the total judgment in question, not against the insurer's corresponding bodily injury liability under the same policy.

With the exception of Valimont v. Usnarski, supra, the Pennsylvania cases cited above adopt the credit allowance set forth in Yarrington. Notably, however, these cases all involved situations where the damages claimed did not exceed policy limits for bodily injury liability. Accordingly, the guiding principle was prevention of an unwarranted double recovery by plaintiffs.

Valimont v. Usnarski, supra, in that it involved a declaratory judgment and damages in excess of the bodily injury liability and medical payments coverages, is distinguishable from these other cases, and more closely parallels the case at bar. In Valimont, policy coverage included $10,000 in bodily injury liability and $2,000 in medical payments. The court held that, in the absence of a specific policy provi-

sion authorizing the insurer to claim a credit against liability coverage for amounts paid under medical payments coverage, the insurer was, in fact, liable up to a maximum of $12,000. The court also concluded that a credit cannot be claimed by the insurer in the absence of indications plaintiff would be receiving a "windfall" recovery.

In suggesting by way of dicta that it would have been inclined to agree with the reasoning of Yarrington v. Thornburg, supra, if the verdict in question would have been $10,000 or less, the court similarly demonstrates a strong concern for preventing double recovery when warranted.

In the instant case, State Farm contends the holding in Valimont implies that, if policy language exists clearly stating that the insurer is entitled to credit for payments made under medical payments coverage against the total amount due under bodily injury liability coverage, then such credit can be taken. Asserting the existence of such language, State Farm argues that its maximum liability under the policy in question is $50,000, not $55,000.

The pertinent provision of this policy, under Coverage C—Medical payments, reads as follows:

". . . the amount of such payment shall be applied toward the settlement of any claim, or the satisfaction of any judgment for damages entered in his (the Claimant's) favor against any insured because of bodily injury arising out of any accident to which coverage A (Bodily Injury Liability) applies."

Contrary to the interpretation set forth by State Farm, this court concludes that the wording of this provision *does not* act to limit the company's bodily injury liability. Rather, the sole purpose of the provision is to prevent double recovery by a claimant.

Certainly, the language provided is designed to provide a credit in the event the amount of a judgment or settlement would be less than the total coverage allowable and/or would include medical costs already reimbursed. Accordingly, under appropriate circumstances the insurer could receive a credit against a particular judgment or settlement and thereby, in effect, receive a credit against its total policy liability. Such, however, are not the circumstances of the case at bar. Here, the parties agree to actual medical expenses far in excess of the policy's maximum bodily injury liability and medical payments coverage. There is no suggestion that plaintiff may be paid twice for any claimed expenses.

Moreover, here, the insured has regularly paid a policy premium, part of which represents the proportionate cost of medical payments protection, protection to which the claimant is now fully entitled.

If State Farm had intended to limit its total bodily injury liability by claiming a medical payments credit under all contingencies, such could have been clearly stated with language and form similar to that utilized in section III-Uninsured Motor Vehicle Coverage, Limits of Liability, (b)(3), on page 9 of the same policy, which provides:

"(b) Any amount payable under this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by . . . (3) all sums paid or payable on account of such bodily injury under coverages C and M (Medical Payments and Major Medical Payments, respectively) of a policy issued by this company."

Given the particular circumstances of this case, this court thus finds that the policy provision in question does not act to limit State Farms' total liability for bodily injury and medical payments coverage. Accordingly, State Farm's liability to plaintiff is $50,000 (bodily injury liability) and $5,000 (medical payments), or a total of $55,000.

## ORDER

And now, July 21, 1975, the court finds that medical payments disbursed to plaintiff under State Farm Mutual Automobile Insurance policy no. 5689-881-A02-38B are not to be a credit on the total amount due under the bodily injury liability coverage of said policy. The court does further find that, in settlement, the total amount due to plaintiff under said policy is $55,000.