WIFE W., Respondent below, Appellant,

v.

HUSBAND W., Petitioner below, Appellee.

Supreme Court of Delaware.

Submitted April 15, 1977.

Decided June 21, 1977.

Rehearing Denied July 22, 1977.

Daniel Lawrence Twer of Levin, Spiller & Twer, Wilmington, for respondent below, appellant.

Roderick R. McKelvie of Richards, Layton & Finger, Wilmington, for petitioner below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

In this appeal we are called upon to interpret and apply the phrase "actually resided in this State" as it appears in 13 *Del.C.* § 1504(a),[1] and defined as meaning "domiciled" by 13 *Del.C.* § 1503(9).[2] The respondent contends the Superior Court erred in finding that petitioner satisfied the jurisdictional requirements of 13 *Del.C.* § 1504(a), but concedes the merits of the divorce petition if this Court finds the Superior Court had jurisdiction.

I

Prior to the effective date of 13 *Del.C.* § 1504(a) jurisdiction, for purposes of a divorce, was conferred upon the Superior Court "where either plaintiff or defendant has been a *bona fide* resident of this State."[3] The *bona fide* resident requirement has been interpreted by this Court as

1. 13 *Del.C.* § 1504(a) provides:

"(a) The Superior Court of the State of Delaware has jurisdiction of all actions for divorce and annulment of marriage where either petitioner or respondent, at the time the action was commenced, actually resided in this State, or was stationed in this State as a member of the armed services of the United States, continu-

ously for 3 or more months immediately preceding the commencement of the action."

2. 13 *Del.C.* § 1503(9) provides:

"Actually resided" means was domiciled.

3. "Family" substituted for "Superior" in 13 *Del.C.* § 1504(a) by 60 Del. Laws c297.

the equivalent of domicile requiring affirmative proof, even in an uncontested divorce action, of living in Delaware with the intention of making Delaware the permanent home. *Fritz v. Fritz*, Supr.Ct., 187 A.2d 348 (1962). We adopt that interpretation and requisite proof as being applicable under 13 *Del.C.* § 1504(a)..

## II

 Turning now to the factual record in this case, we find that, following a breakdown in the marital relationship between the parties, they agreed to sell their marital home in Media, Pennsylvania, and divide the proceeds. Petitioner moved from the home and rented an apartment on Naamans Road in Claymont, Delaware. At the divorce hearing appellee stated several reasons for moving to Delaware, i. e., necessity of moving, economy of moving there because he knew the owner of his apartment who gave him a fair rental and took promissory notes for rent during a period when he lacked adequate financial resources, the lack of a sales tax in Delaware, and location, close to his place of employment in Pennsylvania, to his golf club and to friends. Petitioner paid Delaware income taxes, obtained a Delaware driver's license, signed his third annual lease, and shops in local Delaware stores. He further testified:

"Q. Do you have any present intention of moving back to the State of Pennsylvania?

A. No, I don't.

Q. Do you intend to make Delaware your permanent home?

A. Yes, I do, certainly. Most certainly."

On the basis of these facts the Trial Judge was satisfied that petitioner had sustained his burden of proof for jurisdictional purposes in spite of respondent's assertions to the contrary. We agree.

Affirmed.