**Barbara N. THORNTON, Plaintiff,**

v.

**Julius Alvin CARROLL; Vance Trucking Company; and J. A. White Co., Inc., a corporation of the State of North Carolina, Defendants.**

**Civ. A. No. 78–483.**

United States District Court, D. Delaware.

June 4, 1980.

Bernard A. Van Ogtrop, of Cooch & Taylor, Wilmington, Del., for plaintiff; J. Keath Fetter, of Reilly, Fogwell & Lachall, West Chester, Pa., of counsel.

Raymond L. Becker of Becker, Ferri & Otlowski, Wilmington, Del., for defendants.

## OPINION

STEEL, Senior District Judge:

This suit was brought by plaintiff Barbara N. Thornton, a resident of Delaware, to recover for injuries allegedly sustained in a collision that occurred in Delaware on March 14, 1978, between the sports car she was driving and a tractor-trailer combination driven by defendant Julius Carroll, a Virginia resident, and owned by defendants Vance Trucking Company and J. A. White Company, Inc., North Carolina corporations. The issue at this pretrial juncture is the extent to which plaintiff may introduce evidence of her special damages such as medical expenses and lost earnings at the trial. Thornton asserts that she may introduce evidence of the full amount of her special damages. The defendants contend that even though she was not covered by it the Delaware no-fault insurance statute, 21 Del.C. § 2118 (1979),[1] precludes Thornton from introducing evidence of the first $10,-000 of her special damages.[2]

---

1. Hereafter, unless otherwise noted, all statutory citations are to 21 Del.C. (1979).

2. It is not presently clear from the record that Thornton's special damages will amount to more than $10,000. However, she does claim approximately $6,150 in lost wages, and has had three surgical procedures. *See* Plaintiff's Answers to Interrogatories 8 & 51, filed Jan. 23, 1979, Doc. No. 13.

At the outset it should be noted that Delaware adheres to the rule of lex loci delicti in tort actions. *Friday v. Smoot*, 58 Del. 488, 490, 211 A.2d 594, 595 (1965); *Tew v. Sun Oil Co.*, 407 A.2d 240, 242 (Del.Super. Ct.1979). Since the accident occurred in Delaware, Delaware law, including the Delaware no-fault statute, must be applied in this case. *See Burke v. Elliott*, 606 F.2d 375, 378 (3d Cir. 1979).

Delaware forbids an "owner of a motor vehicle registered in this State" from operating or authorizing another to operate such vehicle unless the owner has automobile insurance specified in the no-fault statute. The statute requires the registered owner to provide insurance that protects him against liability for bodily injury, death or property damages, § 2118(a)(1); that compensates injured persons for expenses incurred within two years of the accident for medical and funeral services, lost wages, and other listed items, § 2118(a)(2)a.; and that covers other types of property damage, § 2118(a)(3)–(4). The minimum allowable coverage for the expenses described in § 2118(a)(2)a. is $10,000. § 2118(a)(2)b. Any person eligible for benefits described in § 2118(a)(2) & (3) is precluded from pleading or introducing into evidence in an action for damages against a tort-feasor those damages for which compensation is available under those subsections. § 2118(g).

The no-fault law, however, both in its requirement that specified insurance be carried and in its preclusion of the pleading or introduction of elements of damages for which a person is eligible under the statute, is by its terms applicable to owners of motor vehicles only if the vehicles are registered in this State. § 2118(a). At the time of the accident Thornton's car was registered not in Delaware but in Pennsylvania. Therefore, Thornton was not eligible for Delaware no-fault benefits, and the corresponding preclusion of the introduction of evidence of special damages would not apply.[3]

The defendants argue that although Thornton had not registered her car in Delaware as of the date of the accident, she was required by law to have done so, and that therefore she should be deemed to have been eligible for the Delaware no-fault benefits provided under § 2118(a)(2)–(3). Consequently she should be precluded by § 2118(g) from introducing evidence of the first $10,000 of her medical expenses and lost wages. Owners of motor vehicles are required to register their vehicles in Delaware "within 90 days after taking up residence in this State." § 2102(a). Thornton moved to Delaware on November 27, 1977, more than 90 days before the March 14, 1978 accident. The defendants contend that to allow Thornton, who failed to comply with the registration law, to escape the provisions of the Delaware no-fault statute that preclude her from pleading special damages would allow her to profit from her own wrongdoing. Thornton counters this argument by pointing out that an individual must list his or her "bona fide residence" on the application for registration of a motor vehicle in Delaware. § 2104(b)(1). She further argues that "bona fide residence" equals "domicile." For this proposition she cites *Wife W. v. Husband W.*, 376 A.2d 87 (Del.1977). In that case the Supreme Court stated that the requirement of bona fide residence for the purpose of establishing Family Court jurisdiction over divorce actions was the equivalent of domicile. *Id.* at 88. Thornton has offered an affidavit stating that she moved to Delaware as a result of a trial separation from her husband, and that at the time of the accident she fully expected to return to Pennsylvania as soon as she could resolve her marital difficulties. She contends that as a nondomiciliary she was prohibited by § 2104(b)(1) from registering her car here and that therefore the no-fault law does not apply to her. As the discussion below indicates, however, resolution of the issue whether Thornton should

**3.** Except as noted in the rest of this discussion, neither party contends that Thornton was eligible for Delaware no-fault benefits under any other provision of the statute. *See* § 2118(a)(2)c.–e.

have registered her car in Delaware is unnecessary to the ruling on the admissibility of her special damages.[4]

In *Santana v. Korup*, C.A.No. 77C–JL–79 (Del.Super.Ct., Oct. 6, 1978), the plaintiff, a Delaware resident who did not have the required insurance, attempted to introduce evidence of her special damages. The defendant contended that the § 2118(g) preclusion should apply. President Judge Stiftel stated that no-fault laws in general should be construed strictly, and that the Delaware no-fault law does not abrogate the rights that plaintiffs had in negligence actions before no-fault was enacted, that the legislature has provided penalties for failure to carry the proper insurance, and that these penalties do not include nonsuiting an injured plaintiff. President Judge Stiftel therefore held that despite her violation of the provision requiring her to carry insurance, the plaintiff was not precluded by § 2118(g) from introducing evidence of her special damages.

■ This reasoning is equally applicable to the instant case. Delaware has provided a separate penalty for failure to register an automobile within 90 days of taking up residence in the state. This penalty makes no mention of the no-fault statute. § 2102(b). The no-fault statute itself provides no penalty for failure to register a vehicle in Delaware. § 2118. If, as in *Santana*, a plaintiff is not precluded from pleading special damages by failure to carry insurance in violation of Delaware law, seemingly at least as serious an offense as the failure of a new resident to register an automobile in timely manner,[5] then such failure to register should not preclude introduction of special damages.

■ That Thornton has recovered a substantial percentage of her special damages through her Pennsylvania no-fault coverage does not affect her right to recover against the defendants in this case. Delaware follows the "collateral source rule," under which a tort-feasor has no right to mitigation of damages because of compensation received by the injured person from an independent source unrelated to the tort-feasor. *Yarrington v. Thornburg*, 58 Del. 152, 154–55, 205 A.2d 1, 2 (1964). The defendants argue that the Delaware no-fault statute in effect overrules *Yarrington* and precludes introduction of special damages received from *any* no-fault policy, regardless of whether the policy was issued pursuant to the law of Delaware or another jurisdiction. The defendants have cited no authority for this theory, however, and the Court has found none. "[S]ection 2118(g) is precisely drawn," and refers only to persons eligible for benefits under § 2118(a). *DeVincentis v. Maryland Cas. Co.*, 325 A.2d 610, 612 (Del.Super.Ct.1974). As stated above, Thornton was not eligible to receive these benefits.

Therefore, at trial Thornton will be allowed to introduce evidence of the full amount of her special damages.

---

**4.** The Court expresses no opinion whether the interpretation of "bona fide resident" enunciated in *Wife W. v. Husband W.*, in the context of jurisdiction over divorces would apply in the context of new residents registering their cars in Delaware.

**5.** Failure to carry proper insurance is punishable by fine of not less than $150 nor more than $1,000, plus suspension of driver's license for 3 months, for the first offense. Furthermore, the minimum fine is not subject to suspension. § 2118(q). Failure to register an automobile within 90 days of taking up residence in Delaware is punishable by fine of not less than $10 nor more than $100, or imprisonment of 10 to 30 days, or both, for the first offense. § 2102(b).