**William Q. SAIENNI and Material Transit, Inc., Defendants Below, Appellants,**

v.

**Edna R. ANDERSON and Willie Anderson, Jr., Plaintiffs Below, Appellees,**

and

**Louise L. Oat, Defendant Below, Appellee.**

No. 454, 1994.

Supreme Court of Delaware.

Submitted: May 16, 1995.
Resubmitted to the Court En Banc: Aug. 15, 1995.
Decided: Sept. 11, 1995.

Robert K. Pearce, Trzuskowski, Kipp, Kelleher & Pearce, P.A. Wilmington, for appellants William Q. Saienni and Material Transit, Inc.

Edmund Daniel Lyons, Wilmington, for appellees Edna R. Anderson and Willie Anderson, Jr.

Before VEASEY, C.J., WALSH, HOLLAND, and HARTNETT, JJ. and BALICK, Vice Chancellor.[1]

WALSH, Justice:

In this appeal from the Superior Court, we address the question of whether a joint tortfeasor is entitled to a post-judgment credit for the proceeds of uninsured motorist coverage received by a plaintiff from her insurer. In rejecting a remittitur claim, the Superior Court concluded that the uninsured carrier could not be deemed a joint tortfeasor for contribution purposes. We agree and affirm.

I

This is an appeal by William Q. Saienni and Material Transit, Inc. (collectively "Saienni") from a Superior Court decision which denied Saienni's post-verdict motion for remittitur. The remittitur motion resulted from a jury verdict which awarded damages in the amount of $60,500 to the appellees, Edna R. Anderson and Willie Anderson, Jr. ("the Andersons"), for injuries sustained by Mrs. Anderson in an automobile accident involving vehicles operated by Mrs. Anderson, Saienni and co-defendant-appellee, Louise Oat ("Oat").[2] In fixing liability, the jury apportioned fault between the defendants on the basis of 22 percent against Saienni and 78 percent against Oat. Oat was an uninsured motorist who did not appear at trial and who has not participated in this appeal. As a joint obligor, Saienni became responsible for payment of the entire judgment.

The basis for Saienni's remittitur effort was the payment to the Andersons by their uninsured motorist carrier, State Farm Mutual Automobile Insurance Co. ("State Farm"), of the sum of $15,000, the limit of their uninsured motorist coverage. This payment was made before trial, but after an arbitration hearing, in recognition of Oat's lack of insurance and apparent fault. In his remittitur motion, Saienni sought a credit of the $15,000 of uninsured motorist coverage paid to the Andersons by State Farm against the $60,500 judgment pursuant to 10 *Del.C.* § 6304(a) of the Delaware Uniform Joint Tortfeasors Act ("Act"). The Superior Court refused to grant a remittitur, ruling that the uninsured motorist payment by State Farm was not consideration paid on behalf of a joint tortfeasor.

II

Saienni argues that 10 *Del.C.* § 6304 entitles him to offset his liability to the Andersons by the $15,000 paid by State Farm because State Farm, in effect, stands in the shoes of Oat and thus may be considered a joint tortfeasor. Section 6304(a) provides in pertinent part:

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasor unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release . . . .

10 *Del.C.* § 6304(a). Joint tortfeasors are defined under the Act as "2 or more persons jointly or severally liable *in tort* for the same injury to person or property, whether or not judgment has been recovered against all or some of them." 10 *Del.C.* § 6301 (emphasis added).

"The credit provided for in [Section 6304(a)] is applicable exclusively to joint tort-feasors." *Medical Center of Delaware v. Mullins,* Del.Supr., 637 A.2d 6, 8 (1994) (party who settled a claim against him prior to trial was held not to be a "joint tort-feasor" because he was not determined liable in tort at trial, and the pertinent release did not admit such tort liability).

---

1. Sitting by designation pursuant to Del. Const. art. IV, § 12.

2. Although named as an appellee, Oat waived her right to participate in this appeal.

Under the *Mullins* standard, Saienni is not entitled to a credit under Section 6304(a) because he has failed to establish, either through a judicial determination or otherwise, that the payor of the consideration, State Farm, was a "joint tort-feasor." State Farm's payment to the Andersons was made pursuant to a contractual obligation of insurance supported by a separate consideration. *Cf. Precision Air v. Standard Chlorine of Del.*, Del.Supr., 654 A.2d 403 (1995) (principles of contract, not tort, law control recovery by third party against employer where recovery is sought under indemnification clause of contract). Since the payment obligation by State Farm to the Andersons arose *ex contractu,* it may not be viewed as tort based. *Allstate Ins. Co. v. Spinelli,* Del.Supr., 443 A.2d 1286, 1287 (1982); *State Farm Mut. Auto. Ins. Co. v. Nalbone,* Del. Supr., 569 A.2d 71 (1989). While it is true that State Farm's payment of uninsured motorist coverage was prompted by Oat's lack of insurance and her status as a putative tortfeasor, the payment to the Andersons was made before any binding determination of liability, in settlement of the Andersons' contractual claim for payment for personal injuries suffered by them as its insured. Because the Andersons released their contractual claim against State Farm, but did not release their tort claim against the uninsured tortfeasor, their claim against Saienni is not subject to a reduction under Section 6304(a).

### III

Saienni contends that, unless State Farm's payment of $15,000 is offset against the jury's award of damages, the Andersons will receive a windfall. We note, however, that the release signed by the Andersons in connection with the receipt of uninsured motorists benefits permits subrogation by State Farm in the event there is a recovery against a tortfeasor. Although we are advised that such subrogation will not be pursued in this case, the collateral source rule precludes a tortfeasor from taking advantage of State Farm's generosity. *Yarrington v. Thornburg,* Del.Supr., 205 A.2d 1 (1964); *Adams v.*

*Delmarva Power & Light Co.,* Del.Supr., 575 A.2d 1103 (1990). *See also,* Restatement (Second) of Torts § 885, Comment f.

Since State Farm did not assert a subrogation claim in connection with its payment of uninsured motorist benefits, we need not, and do not, address the scope, or effect, of a subrogation claim *vis-a-vis* a joint tortfeasor or an insured in other fact situations.

We conclude that the Superior Court correctly determined that Saienni was not entitled to a remittitur reflecting a credit for payment of uninsured motorist coverage under the circumstances of this case.

The judgment is affirmed.