# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHERYL MILLER, Individually, and as Personal Representative of the ESTATE OF KEVIN G. MILLER, ALICIA SNEAD, HEATHER DONALDS, and MATTHEW MILLER, | ) ) ) ) ) ) | |
| | ) | C.A. No. N24C-02-306 CLS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BEEBE MEDICAL CENTER, INC., GITA PILLAI, M.D., CLINIC BY THE SEA, LLC, and DIAMOND M. MICIELLI, FNP, | ) ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: May 12, 2026
Date Decided: May 20, 2026

## **ORDER**

Having considered Beebe Medical Center, Inc.'s ("Beebe") Motion in Limine,[1] adopted and joined by Clinic by the Sea, LLC and Diamond M. Micielli, FNP ("FNP Micielli") (collectively, the "Cardiology Defendants"),[2] and Plaintiffs' Response in Opposition,[3] it appears to the Court that:

---

[1] *See generally* Def.'s Beebe Med. Ctr.'s Mot. in Limine, D.I. 97 ("Mot. in Limine").
[2] *See* Defs.' Clinic by the Sea, LLC's and Diamond M. Micielli, FNP's Notice of Joinder to Def.'s Beebe Med. Ctr.'s Mot. in Limine, D.I. 115.
[3] *See generally* Pls.' Resp. to Def.'s Beebe Med. Ctr.'s Mot. in Limine, D.I. 109 (Pls.' Resp.").

1.  On April 24, 2022, Kevin G. Miller ("Decedent") passed away from cardiac arrest following an elective shoulder surgery.[4] Plaintiffs assert damages for medical bills and expenses concerning the Defendants' alleged medical negligence in the treatment and care of Decedent.[5]

2.  For context, Decedent's wife and Plaintiff in this action, Sheryl Miller ("Mrs. Miller"), was employed by Beebe from 1997 until 2013.[6] When Mrs. Miller retired, she enrolled in the Beebe Healthcare Employment Benefit Plan (the "Plan").[7] Highmark Blue Cross Blue Shield Delaware ("Highmark") was the health insurance provided by the Plan.[8] Decedent was a beneficiary under the Plan.[9] Mrs. Miller testified that under the Plan, she was reimbursed for healthcare expenses that Medicare did not cover through "Via Benefits, which Beebe uses."[10]

3.  On July 24, 2024, Conduent informed Plaintiffs' counsel that it had a lien on the medical expenses related to Decedent's care and treatment that is at issue here.[11] On August 2, 2024, Plaintiffs' counsel wrote a letter to Beebe's counsel to confirm that direct contact with The Phia Group and Conduent was permissible to

---

[4] *See generally* Am. Compl., D.I. 29.
[5] *Id.*
[6] Pls.' Resp., Ex. 1 at 3.
[7] *Id.* at 22–23.
[8] Mot. in Limine ¶ 2, Ex., A.
[9] *Id.*
[10] Pls.' Resp., Ex. 1 at 22.
[11] *Id.* at Ex. 2.

obtain information on the lien for Decedent's care.[12]  On May 5, 2025, The Phia Group issued a letter on behalf of the Plan and Highmark, stating that "we have closed our file and are no longer pursuing a lien" on Mr. Miller's claims for medical expenses.[13]

4.  On February 27, 2026, Beebe filed a Motion in Limine to exclude Decedent's medical bills and/or liens.  Beebe argues, and the Cardiology Defendants agree, that because Beebe created the Plan that "furnished or caused to be furnished the payment of [D]ecedent's medical bills[,]" Beebe is connected to the source of payment as an alleged tortfeasor, and the collateral source rule does not apply to it.[14]

5.  On March 27, 2026, Plaintiffs responded in opposition.  Plaintiffs argue that Beebe is not connected to the collateral source within the meaning of the rule because Mrs. Miller pays for the benefits of the Plan herself.[15]  According to Plaintiffs, although Mrs. Miller testified that she gets "reimbursed through the company that Beebe uses, in this case, Plaintiffs were not reimbursed as evidenced by the fact that Conduent is asserting a lien."[16]  Alternatively, Plaintiffs proffer that even without the lien or assuming that Mrs. Miller was reimbursed, the evidence

---

[12] Mot. in Limine, Ex. B.
[13] *Id.* at Ex. C.
[14] Mot. in Limine ¶ 8.
[15] Pls.' Resp. ¶ 3.
[16] *Id.* (emphasis in original).

only shows that "a third party, unconnected to Beebe, paid for all of Mr. Miller's care."[17]

6.      The Court heard argument on the matter during the Pre-Trial Conference on May 12, 2026.

7.      The collateral source rule has been applied in American jurisprudence for more than one hundred and fifty years.[18]  More than sixty years ago, the Delaware Supreme Court adopted and recognized that the collateral source rule is "firmly embedded in our law[.]"[19]  The collateral source rule is "predicated on the theory that a tortfeasor has no interest in, and therefore no right to benefit from, monies received by the injured person from sources unconnected with the defendant."[20]

8.      A plaintiff may recover damages under the collateral source rule "for the reasonable value of medical services, even if the plaintiff has received complete recompense for those services from a source other than the tortfeasor."[21]  Thus, the "general rule is that the plaintiff's damages may not be reduced because of payments for treatment paid for by medical insurance to which the tortfeasor did not contribute."[22]  However, "the doctrine . . . does permit the tortfeasor to obtain

---

[17] *Id.* ¶ 4.

[18] *Mitchell v. Haldar*, 883 A.2d 32, 37 (Del. 2005) (citing *The Propeller Monticello v. Mollison*, 58 U.S. 152 (1854)).

[19] *Yarrington v. Thornburg*, 205 A.2d 1, 2 (Del. 1964).

[20] *State Farm Mut. Auto Ins. Co. v. Nalbone*, 569 A.2d 71, 73 (Del. 1989) (quoting *Yarrington*, 205 A.2d at 2) (internal quotation marks omitted).

[21] *Mitchell*, 883 A.2d at 38.

[22] *Id.* (citing *Nalbone*, 569 A.2d at 71).

advantages of payments made by himself or from a fund created by him; in such an instance the payments come, not from a collateral source, but from the defendant himself."[23]

9.     The Court agrees with Plaintiff that on this record, there is no direct evidence showing Beebe paid for Decedent's medical expenses. While Beebe provided the Plan that Mrs. Miller participates in, the evidence indicates that Highmark was Mrs. Miller's health insurance and that third parties, rather than Beebe, managed the claim for Decedent's medical expenses. In fact, there is no evidence that the medical bills have been paid at all. The evidence provided by Beebe in support of its Motion is insufficient to exempt it from the collateral source rule and exclude Decedent's medical bills. Moreover, the record does not show that the Cardiology Defendants have any connection to the Plan. Accordingly, the Court finds that evidence of the reasonable value of Decedent's medical bills is admissible.

10.     Plaintiffs' counsel also filed a letter on behalf of Plaintiffs and the Cardiology Defendants on May 15, 2026, seeking the Court's clarification of the Judicial Action Form as it relates to the Court's evidentiary rulings from the Pre-Trial Conference.[24]

---

[23] *Yarrington*, 205 A.2d at 2.
[24] Joint Letter to Court re Witnesses Not Being Called to Trial and Judicial Action Form Clarification, D.I. 132.

11.     Counsel is correct that the Court denied the Cardiology Defendants' Motion in Limine to Preclude Speculative Evidence, Testimony or Opinions regarding Alleged Loss of Household Services.  Plaintiffs may introduce evidence of such damages.  The Court did not consider Beebe's Motion in Limine to Preclude Comment, Testimony and/or use of Dr. Robert Etner's Medical Literature at Trial because Beebe resolved the case.

12.     In conclusion, for the foregoing reasons, Beebe Medical Center, Inc.'s Motion in Limine, adopted by Clinic by the Sea, LLC and Diamond M. Micielli, FNP, is **DENIED**.


       **IT IS SO ORDERED.**


                                                            */s/ Calvin Scott*
                                                            Judge Calvin L. Scott, Jr.