George F. EDWARDS

v.

Norman M. CURTIS.

Supreme Judicial Court of Maine.

June 1, 1978.

Smith & Stein by Jeffrey Smith (orally), Hallowell, for plaintiff.

Farris & Foley, P. A., by David P. Cullenberg (orally), Gardiner, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Appellee George F. Edwards was a full-time farm hand employed by appellant when on February 10, 1975, he suffered an injury to his back. Apparently, appellant did not have workmen's compensation. He did have an employer's liability insurance policy with limits of not less than $25,000 and medical payment coverage of not less than $1,000.

Appellee filed a petition with the Industrial Accident Commission for an award of compensation. The employer contended that because he employed fewer than four farm laborers and was maintaining an employer's liability insurance policy with the limits described above he was exempt from the Act. Ruling that the employer was not exempt from the Act, the Commissioner found that appellee sustained a personal injury arising out of and in the course of his employment, that the disability was total from February 11, 1975 to April 12, 1976, and that thereafter appellee has suffered 70 per cent partial incapacity. By this appeal, the employer challenges the Commission's conclusion that he was subject to the Act. He also asserts that the Commission finding is not supported by competent evidence and that his liability should be reduced by the amount of unemployment compensation benefits received by appellee.

■ The Commission finding is final if there is competent evidence to support it. *Dunkin Donuts of America, Inc. v. Watson,* Me., 366 A.2d 1121 (1976); *Crosby v. Grandview Nursing Home,* Me., 290 A.2d 375 (1972). We have reviewed the record and have found sufficient evidence to support the Commission finding.

■ The Commission acted properly in refusing to deduct unemployment payments from any workmen's compensation due appellee. Section 62 of the Workmen's Compensation Act includes a provision that benefits derived from any source other than the employer shall not be considered in fixing compensation due. Nothing in the Act indicates any legislative purpose of prohibiting an injured person who is drawing unemployment benefits from receiving full workmen's compensation. We may not disregard the plain mandate of section 62.

The remaining question posed by this appeal is whether appellant as an employer of a full-time farm hand was subject to the Act at the time of the injury. Before June 28, 1974, the Maine workmen's compensation system was elective on the part of employers. Those who declined to be governed by the Act were generally precluded from asserting common-law defenses as set forth in section 3 of the Act. Chapter 746 of the 1973 Public Laws of Maine made the Act mandatory for private employers except with respect to domestic service employees or seasonal or casual farm laborers. At the time of appellee's injury section 21 provided:

> "Every private employer shall be subject to this Act and shall secure the payment of compensation in conformity with sections 21 to 27 with respect to employees other than those engaged in domestic service or in agriculture as seasonal or casual farm laborers, subject to the provisions hereinafter stated.

Any private employer who has not secured the payment of compensation under sections 21 to 27 shall, in a civil action brought by the employee other than one engaged in domestic service or in agriculture as a seasonal or casual farm laborer to recover for personal injuries or death arising out of and in the course of his employment, not be entitled to the defenses set forth in section 3 and the employee of any such employer may in lieu of bringing such a civil action claim compensation from such employer under the provision of this act."

The language of this provision, if given its plain meaning, made appellant subject to the Act at the time of the appellee's injury and required him to secure compensation with respect to appellee's employment, which was not seasonal or casual.

■ However, appellant asserts that the legislature did not intend at the time of the injury to make the Act mandatory with respect to an employer of full-time farm laborers if he maintained an employer's liability insurance policy with limits not less than those in the appellant's policy. To support his position, appellant points out that although the exception for agriculture created in section 21 extended in terms only to seasonal or casual farm laborers, section 4 of the Act, as amended by P.L.1965, ch. 489, governing the availability of common-law defenses, contained a special exemption for certain insured employers of farm laborers, as follows:

> "Section 3 shall not apply to actions to recover damages for the injuries aforesaid, or for death resulting from such injuries sustained by the farm laborers of an employer who is covered by an employer's liability insurance policy with total limits of not less than $25,000 and medical payment coverage of not less than $1,000." [1]

1. The full text of 39 M.R.S.A. § 4, as amended by P.L.1973, ch. 746, was as follows:

> "Section 3 shall not apply to actions to recover damages for the injuries aforesaid, or for death resulting from such injuries, sustained by employees engaged in domestic service or in agriculture as seasonal or casual farm laborers. "Casual" is defined as occasional, irregular or incidental. "Seasonal" refers to farm laborers engaged in agricultural employment beginning at or after the commencement of the planting season and termi-

That provision of section 4 merely purported to restore the common-law defenses to the farmer employer who came within the stated exemption. Enacted in 1966, it was obviously not intended to affect the scope of participation under the Act required by chapter 746 of the Public Laws of 1973.

Appellant relies on a later amendment of section 21 to show that section 21 should not be given its plain meaning. Chapter 376 of the 1975 Public Laws of Maine amended section 21 by adding the following language to the first sentence:

> "except that an employer of 4 or less farm laborers shall be excused from this requirement as to such farm laborers by maintaining coverage by an employer's liability insurance policy as provided in section 4."

That amendment, which became effective on October 1, 1975, was designated "An Act to clarify the mandatory provisions of the Workmen's Compensation Act with respect to farm laborers." From that sequence of events appellant asks us to hold that section 21, as it stood when appellee was injured, should be construed as if it contained an implicit exception for persons in appellant's position.

At the time of the injury there may have been some inconsistency between the provision of section 21 generally barring common-law defenses for an employer who had not secured compensation payments, and the provision of section 4 that specifically left common-law defenses available in a tort action by farm laborers of an employer who is covered by the specified employer's liability insurance. Yet there was no conflict between the two sections with respect to the requirement of workmen's compensation coverage. Even if we were to assume that an employer in appellant's position were relieved in a tort action by the specific terms of section 4 from the general ban on common-law defenses provided in section 21, we could not promote such relief into an exemption of such an employer from the broad requirement of workmen's compensation coverage imposed by section 21 as it stood in February, 1975, or prevent the employee, being one not engaged in domestic service or in agriculture as a seasonal or casual farm laborer, from pursuing a claim to workmen's compensation under that section. The statutes under consideration contain no ambiguity, hiatus, or even direct conflict permitting the sort of supplemental interpretation appellant asks us to make. The fact that in its next session the legislature amended section 21 might suggest some oversight in the version of that section effective at the time of the injury if an ambiguity, hiatus or direct conflict in the pertinent legislation had existed. In a case having none of those elements, it would be a dangerous precedent to import so crucial an exception into plainly inclusive statutory language on some theory of mistake or oversight on the part of the legislature. *See Sweeney v. Dahl,* 140 Me. 133, 140, 34 A.2d 673, 676 (1943).

The entry is:

Appeal denied.

Judgment affirmed.

It is further ordered that appellant pay to appellee $550 for his counsel fees, plus his actual reasonable expenses of this appeal.

POMEROY, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

---

nating at or before the completion of the harvest season. Section 3 shall not apply to actions to recover damages for the injuries aforesaid or for death resulting from such injuries, sustained by employees of an employer who has secured the payment of compensation in conformity with sections 21 to 27. Such employers shall be exempt from civil actions because of such injuries either at common law or under sections 141 to 148 or under Title 18, sections 2551 to 2553. Section 3 shall not apply to actions to recover damages for the injuries aforesaid, or for death resulting from such injuries sustained by the farm laborers of an employer who is covered by an employer's liability insurance policy with total limits of not less than $25,-000 and medical payment coverage of not less than $1,000."