Stephen M. NEUBERGER,
Claimant-Below, Appellant

v.

CITY OF WILMINGTON, Employer-Below, Appellee.

Superior Court of Delaware,
New Castle County.

Submitted: Aug. 4, 1982.
Decided: Oct. 26, 1982.

Thomas C. Crumplar of Jacobs, Crumplar & Donovan, P.A., Wilmington, for claimant-below, appellant.

Frederick H. Schranck, Asst. City Sol., Wilmington, for employer-below appellee.

MARTIN, Judge.

This is an appeal by Stephen Neuberger ("Claimant") from a decision of the Industrial Accident Board ("Board") that it had the authority to offset workmen's compensation benefits against unemployment compensation benefits and granting the City of Wilmington ("City") a credit in the amount of unemployment benefits Claimant had received.

On September 17, 1979, Claimant sustained injuries to his feet and back when a metal step on which he stood collapsed under his weight. As a result of these injuries, he was unable to perform his duties at the City Water Department and thus the City terminated his employment on October 24, 1980, after 9 years of service.

Claimant was awarded $156.80 a week in workmen's compensation benefits starting October 26, 1980, for total temporary disability pursuant to 19 Del.C. § 2324. At no time subsequent to his discharge was Claimant able to secure fulltime employment. Consequently, on January 7, 1981, he applied for unemployment compensation and accordingly received $150.00 a week from January 25 to July 31, 1981, for a total of $3,900.00.

From May 23, 1981 until November 2, 1981, the City suspended the disability payments owed to Claimant in an attempt to offset the unemployment benefits he was receiving. At a hearing on November 4, 1981, the Board granted the City the authority to make such offset.

Although the issue of whether an employer is entitled to reduce a workmen's compensation award by the amount received in unemployment benefits is not a novel one, there is no binding Delaware precedent. City relies heavily on the decision in Phoenix Steel Corp. v. Trivits, Del.Super., C.A. 5115, 1977, (March 9, 1978) and Brooks v. Chrysler Corp., Del.Super., 405 A.2d 141 (1979) which permitted the offset of disability awards by unemployment benefits occasioned by the same occupational injury.

Relevant to the instant case, the claimant in Phoenix Steel was the subject of a total disability award under workmen's compensation who applied for and received unemployment compensation benefits. His employer asserted that the acceptance of unemployment benefits constituted an election of remedies. This Court held therein that while receipt of benefits from both sources was not an election so as to preclude entitlement to either source of compensation

completely, the amount of any disability payment should be reduced by the unemployment benefits received. The reasoning of *Phoenix Steel* was adopted in *Brooks v. Chrysler Corp.,* supra.

An examination of *California Comp. Ins. Co. v. Industrial Accident Commission,* 128 Cal.App.2d 797, 276 P.2d 148 (1954), the chief authority for the holding in *Phoenix Steel,* reveals the inapplicability of those decisions to the instant case. A pivotal consideration of the court in *California Comp. Ins. Co.* in permitting an offset of unemployment benefits was to prevent a double burden on the employer, who funded *both* unemployment and workmen's compensation programs in proportion to past benefits paid. Claimant herein, however, received unemployment compensation pursuant to 19 *Del.C.* § 3315(1), a statutory provision which does *not* assess unemployment compensation payments against the former employer.[1]

Moreover, Claimant points out that the premise of the California court that workmen's compensation and unemployment benefits are intended to cover the identical wage loss does not square with the Delaware statutes. The definition of "wages" differs between the Workmen's Compensation and Unemployment Codes. The term as it appears in the Unemployment Compensation statute means actual earnings, 19 *Del.C.* § 3302(17);[2] under the Workmen's Compensation Act wages are computed on the basis of the employer's average work week. 19 *Del.C.* § 2302.[3]

Claimant's contention hereinabove is buttressed by the observation of our Supreme Court in construing Section 2302 of the Workmen's Compensation Act that "the controlling factor is the legislative intent to compensate the employee for his loss of earning capacity—not loss of wages earned." *Howell v. Supermarkets General Corporation,* Del.Supr., 340 A.2d 833, 836 (1975). *Phoenix Steel* is at odds with the *Howell* decision on this issue since, in the *Phoenix Steel* decision the Court determined that "the critical factor is wage loss." *Phoenix Steel Corp. v. Trivits,* supra, p. 4.

There is no authority in the Workmen's Compensation Act for the type of offset encouraged by *Phoenix Steel.*[4] In contrast to the Unemployment Compensation Statute, 19 *Del.C.* § 3313,[5] there is no provision

---

1. Another distinction between the Delaware and California labor codes is that the latter specifically provides that the Unemployment Commission has a lien in the amount of its award where the employee also received total disability benefits under Workmen's Compensation Act, thus enabling the California court to imply a similar lien for temporary partial disability benefits. However, that statutory provision has no parallel in Delaware law.

2. 19 *Del.C.* § 3302. Definitions.
   (17) "Wages" means all remuneration for personal services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash.
   Gratuities customarily received by an individual in the course of his work from persons other than his employing unit shall be treated as wages received from his employing unit.

3. 19 *Del.C.* § 2302. Wages; definition and computation; valuation of board and lodging.
   (a) The term "wages" means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident. It does not include gratuities received from the employer or others or amounts deducted by the employer under the contract of hiring for labor, material, supplies, tools or other things furnished or paid for by the employer and necessary for the performance of such contract by the employee.

4. Section 2305 expressly provides that "[n]o agreement, rule, regulation or other device shall in any manner operate to relieve any employer or employee in whole or in part from any liability created by this chapter, except as specified in this chapter." 19 *Del.C.* § 2305.

5. 19 *Del.C.* § 3313. Wages defined; weekly benefit amount; total annual amount of benefits.
   (f) Any otherwise eligible individuals shall be paid with respect to any week a benefit amount equal to his weekly benefit amount less that part of a retirement pension or annuity, if any, received by him or for which he is eligible under a private pension plan which is financed entirely by a base period employer of such employee, and which is in excess of the weekly benefit amount for which he is eligible under this chapter. If there is employee participation in financing a pension plan, such deduction shall be reduced in the same proportion as the employee's contribution to the pension bears to the total pension amount. If such retirement

in the Workmen's Compensation Act, for the coordination of benefits with other forms of public and private disability benefits. In addition, the only offset permitted by the Workmen's Compensation Statute is for an award recovered from a third party tortfeasor. 19 *Del.C.* § 2363.[6]

Moreover, the only statutory authority for termination of workmen's compensation benefits awarded pursuant to 19 Del.C. § 2324 involves cessation of disability, 19 *Del.C.* § 2347,[7] or forfeiture of the right to compensation as defined by 19 *Del.C.* § 2353.[8] Absent the circumstances embraced by these statutory provisions, there is simply no other basis afforded by our statute for termination or suspension of disability benefits.

Therefore, in the absence of any statutory authority for so doing, this Court declines to engage in judicial legislation by reducing Claimant's disability award by the amount he received in unemployment benefits.[9] As stated by Professor Larson

"The burden of achieving this coordination should not be thrust upon the courts, since many detailed questions are certain to arise which can only be handled by carefully considered legislation." 3 *A. Larson, The Law of Workmen's Compensation* § 97.2 at 491 (1971).

Our Supreme Court in the recent case of *Kofron v. Amoco Chemicals Corp.,* Del. Supr., 441 A.2d 226 (1982), held accordingly in evaluating another issue presented by Delaware's Workmen's Compensation Act,[10] that

"we believe that any changes in the Delaware Workmen's Compensation Law must come from the legislature whence it came and which, because of increasing informational input from employer and employee lobbies, is perhaps best equipped to grapple with this issue." 441 A.2d at 231.

*Phoenix Steel* relies on the finding of the California Court that there should be an offset for unemployment benefits because failure to imply such an offset would constitute a double burden on the employer, since both the unemployment and workmen's compensation programs were financed by

---

pension or annuity payment deductible under this subsection is received on other than a weekly basis, the amount thereof shall be allocated and prorated in accordance with such regulation as the Department shall prescribe.

**6.** Section 2363 permits the employee to enforce the liability of a third party (other than a fellow employee) for an occupation injury. Upon the employee's failure to do so, the right of action therefor inheres in either the employer or its compensation insurance carrier. 19 *Del.C.* § 2363(a). Moreover, any recovery awarded against a third party tortfeasor "shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the Workmen's Compensation Act ..." 19 *Del.C.* § 2363(e).

**7.** 19 *Del.C.* § 2347. Review by Board of agreements or awards; grounds; modification of award.

On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred or that the status of the dependent has changed, the Board may at any time ...

**8.** In accordance with this section, the right to compensation is forfeited by: refusal or reasonable medical or rehabilitative services; 19

*Del.C.* § 2353(a); an injury occasioned by the employee's intoxication or deliberate, wilful or reckless conduct, 19 *Del.C.* § 2353(b); refusal of "employment procured for him and suitable to his capacity." 19 *Del.C.* § 2353(c).

**9.** This Court assumed the identical posture in *Chrysler Corp. v. Bensinger,* Del.Super., C.A. 5176, 1971, (Jan. 12, 1972). The pertinent issue in *Chrysler* was whether receipt of unemployment benefits constituted an election of remedies, thus barring any claim whatsoever to workmen's compensation. The court ruled that the two compensation schemes were not mutually exclusive remedies and "that a decision to make such remedies exclusive should be made by the legislature, not the courts." *Id.* at 3. Other jurisdictions have similarity refrained from invading the province of the legislature. See *Edwards v. Curtis,* Me.Supr., 387 A.2d 223 (1978); *Florence Enameling Co., Inc. v. Jones,* Ala.Ct.App., 361 So.2d 564 (1978); *Parise v. Industrial Comm'n,* Ariz.App., 16 Ariz.App. 177, 492 P.2d 426 (1972).

**10.** In *Kofron,* the court confronted the issue of whether the exclusivity provision of Workmen's Compensation barred a common law action in tort where the employer's conduct was intentional or grossly negligent.

employer's contribution in proportion to past benefits paid. In the instant case, unemployment benefits paid to Claimant were not charged against the City, thereby eliminating any double burden. Therefore, this Court declines to follow the rulings in the *Phoenix Steel* and *Brooks* cases.

Given the absence of statutory authority for the decision of the Board in offsetting workmen's compensation benefits against unemployment payments, the decision of the Board is reversed, and the case is remanded for further proceedings consistent with the ruling contained herein.

IT IS SO ORDERED.