GUY J. JOHNSON TRANSPORTATION
COMPANY, Employer Below,
Appellant,

v.

Gene DUNKLE, Employee
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 11, 1988.
Decided: May 5, 1988.
Rehearing Denied: May 31, 1988.

Robert B. Walls, Jr., Wilmington, for appellant.

Joseph J. Rhoades of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

WALSH, Justice:

In this appeal from a Superior Court affirmance of a decision of the Industrial Accident Board (the "Board"), we are confronted with an issue of first impression: whether an employer has a right to a credit against an award of medical expenses for payments made to an injured worker through employer-provided medical insurance. We conclude that, under the circumstances of this case, the Board erred in refusing to permit such an offset. Accordingly, we reverse the decision of the Superior Court.

## I

The issue presented on this appeal arose out of a claim for workmen's compensation filed with the Board by Gene Dunkle in October, 1985. Dunkle sought total disability benefits and medical expenses arising out of a work-related heart attack. Although the employer, Guy J. Johnson Transportation Company, initially disputed causation, it has appealed only that portion of the Board's decision which awarded Dunkle $26,403.80 in claimed medical expenses and related counsel fees. At the hearing before the Board, Dunkle offered as an exhibit in support of his claim for medical expenses a list of hospital and physician charges totalling $26,403.80. When counsel for the employer attempted to inquire into whether these claimed expenses had been paid, and by whom, the Board sustained the objection by Dunkle's counsel that the source of payment of the claimed medical expenses was irrelevant.

After the close of the hearing before the Board, but prior to the issuance of the Board's decision, the employer requested a reopening of the proceeding to present evidence that the medical expenses claimed by Dunkle had been paid on behalf of the employer, by its insurance carrier, Travelers Insurance Company, under a policy of medical insurance the premiums for which were paid solely by the employer. In re-

jecting this "offer of proof" the Board ruled:

These expenses were furnished as evidence to the Board by the claimant in case the Board found that the claimant because the claimant believes they are compensable under Section 2322(a). (sic) As such they were admissable, (sic) whether or not the claimant in this case has or does not have subrogation rights as espoused by the employer, is irrelevant to this hearing. In a case where the Board finds a compensable industrial accident, the employer is primarily liable for the claimant's medical expenses and evidence of what the claimant's medical expenses were is both relevant and admissable. (sic)

On appeal, the Superior Court affirmed the Board's rejection of the employer's offer of proof concluding that since the Workmen's Compensation Act did not expressly permit an offset for payments by the employer's medical insurance carrier, no such credit was permitted to reduce the employer's clear statutory duty to "furnish reasonable surgical, medical ... and hospital services" under 19 *Del.C.* § 2322(a).

## II

It has long been recognized that the underlying purpose of workmen's compensation legislation is to provide a mechanism, free of the restrictions attendant upon traditional tort recovery, for replacing both lost earnings and earning ability caused by work-related injury. *Kofron v. Amoco Chemicals Corp.*, Del.Supr., 441 A.2d 226 (1982). Of equal importance in the fixing of compensation is the need to assure that the expense of medical care and treatment does not fall upon the injured employee. The Delaware Workmen's Compensation Act (the "Act") authorizes benefits for both loss of earning ability, 19 *Del.C.* §§ 2324–2325, and permanent impairment of bodily function. 19 *Del.C.* § 2326. The Act also addresses the need to safeguard the employee from the expense of medical care by shifting that responsibility to the employer. Thus, 19 *Del.C.* § 2322(a) provides:

(a) During the period of disability the employer shall furnish reasonable surgical, medical, dental, optometric, chiropractic and hospital services, medicine and supplies . . . as and when needed. . . .

■ The employer may discharge its statutory duties under the Act either directly as a self-insurer or indirectly through the securing of insurance. 19 *Del.C.* § 2372(a). With respect to its obligation to furnish medical care, the employer could presumably furnish such care directly and at its own expense. Employer initiated care is not only permitted under the Act but is entirely consistent with the Act's emphasis on prompt compensation. *See* 19 *Del.C.* § 2362.

■ While the Act contemplates full compensation, it is not intended to permit more than one recovery for a single loss. Thus, the amount of compensation benefits may be reduced or offset by the receipt of unemployment insurance benefits. *Brooks v. Chrysler Corp.*, Del.Super., 405 A.2d 141 (1979).[1]

■ We do not accept the contention that there may be no offset of claimed benefits in the absence of express legislative authority permitting subrogation. The issue is not one of subrogation between insurers. In order for an employee to claim medical expenses incident to an award of compensation benefits he must present evidence that (a) he has incurred medical expenses, (b) such expenses are attributable to a work-related injury and (c) the employer has not paid such expenses as required by 19 *Del.C.* § 2322. The issue of subrogation emerges only if, in fact, those expenses have been paid by a third party who may, in turn, look to the employer or its workmen's compensation carrier for reimbursement. The question of offset emerges only after the employee has demonstrated entitlement to payment for medical care which the employer did "furnish"

as directed by section 2322. No statutory authority is required to deny recovery for losses which did not, in fact, occur or expenses not, in fact, sustained. To hold otherwise would permit a double recovery or a windfall to the employee. *Cf. Workmen's Comp. App. Bd. v. Olivetti Corp. of Amer.*, 26 Pa.Cmwlth. 464, 364 A.2d 735 (1976).

■ We are not persuaded by Dunkle's argument that permitting the reduction sought by the employer in this case will offend the "collateral source" rule, i.e., a person deemed legally responsible to another cannot claim the benefit of the ability of the injured party to recovery from a third party expenses related to that injury. *Yarrington v. Thornburg*, Del.Supr., 205 A.2d 1 (1964).

In *Yarrington,* this Court recognized that the collateral source rule was "firmly embedded in our law" but used the occasion to demonstrate a significant limitation on its applicability.

> The collateral source doctrine is predicated upon the theory that a tortfeasor has no interest in, and therefore no right to benefit from, monies received by the injured person from sources unconnected with the defendant. The doctrine, however, does permit the tortfeasor to obtain the advantage of payments made by himself or from a fund created by him; in such an instance the payments come, not from a collateral source, but from the defendant himself. *Cf. Chielinsky v. Hoopes & Townsend Co.*, 1 Marv. 273, 15 Del. 273, 40 A. 1127. Obviously, in the present case, the fund of $5000 was directly created by Thornburg. His purchase of the insurance and payment of premiums were the sole cause for the existence of the fund and we are unable to perceive any valid reason why he should not receive credit for the fund thus created by him.

*Yarrington,* 205 A.2d at 2–3.

■ While the holding in *Yarrington* arose in a tort context, its pertinence to the

---

**1.** In *Neuberger v. City of Wilmington,* Del.Super., 453 A.2d 804 (1982), it was suggested that a reduction in workmen's compensation benefits could *not* be effected in the absence of a legislative directive. To the extent that this view is incompatible with our holding in this case, i.e.,

if the employee has not sustained an initial wage loss or incurred medical expenses because of employer-supplied benefits there is no compensable loss under the Act, such a holding is disapproved.

law of workmen's compensation under the facts of this case is clear. The medical expenses claimed by Dunkle were paid *prior* to the hearing before the Board through medical insurance supplied by the employer at no cost to the employee.[2] By providing these medical insurance benefits the employer has discharged its statutory duty and as such, there was no authority for the Board to enter an award in the amount claimed. In refusing to receive evidence from the employer to that effect the Board erred as a matter of law.

### III

■ Subsumed in the question of Dunkle's entitlement to recover medical expenses is the issue of the Board's allowance of a separate attorney's fee to Dunkle for recovery of medical expenses. The employer contends that since there was no actual recovery of disputed medical expenses in this case, there was no entitlement to counsel fees. We find this position also to have merit.

■ The award of a "reasonable attorney's fee" under 19 *Del.C.* § 2127 is required whenever there has been benefit to the employee by reason of the compensation proceeding. *Coen v. Ambrose–Augusterfer Corp.*, Del.Supr., 463 A.2d 265 (1983). Although it is not necessary that the benefit be a monetary one, *Willingham v. Kral Music, Inc.*, Del.Super., 505 A.2d 34 (1985); *aff'd*, Del.Supr., 508 A.2d 72 (1986), the award must confer upon the employee an advantage or right, *vis-a-vis* his employer, which did not exist prior to the filing of the petition for compensation. Here, according to the proffer attempted by the employer, at the time Dunkle filed his petition for compensation, on October 15, 1985, the employer had already paid all but $2,064 of the claimed medical expenses. The employer claims that the unpaid balance was the result of oversight and discovered only during briefing and expresses a willingness to pay this amount. Since it

clearly appears that the employee's compensation petition produced no benefit beyond the payment of the unpaid balance of medical expenses, any award of counsel fees must be limited to that benefit.

\*   \*   \*

The decision of the Superior Court which affirmed the award of medical expenses and counsel fees is REVERSED and the matter is REMANDED to the Industrial Accident Board for further proceedings consistent with this opinion.

---

**2.** The employer concedes that $2,064.00 of the total $26,403.80 claimed in medical expenses were unpaid at the time of the hearing before the Board. The Board was authorized to award

this amount in the form of a direction to the employer to pay and this sum would be subject to the award of counsel fees.