Mary BROWN, Plaintiff
Below, Appellant,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, Defendant
Below, Appellee.

Supreme Court of Delaware.

Submitted: March 20, 1990.
Decided: April 10, 1990.

James R. Leonard (argued), Potter, Spiller, Crosse & Leonard, Wilmington, for appellant.

W. Wade W. Scott (argued), Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ., constituting the Court en banc.

WALSH, Justice:

The appellant, Mary Brown ("Brown"), appeals from a decision of the Superior Court that denied her motion for summary judgment and ruled, in effect, that appellee, Nationwide Mutual Insurance Company ("Nationwide"), was not obligated to pay Personal Injury Protection ("PIP") benefits for lost wages that were reimbursed by Brown's employer. While this appeal was pending, this Court ruled that the collateral source rule does not require a no-fault insurer to duplicate lost wages reimbursed by the insured's employer, as long as the employer's reimbursement was not supported by independent consideration. *State Farm Mut. Auto. Ins. Co. v. Nalbone*, Del.Supr., 569 A.2d 71 (1989). On the record before us, we find the Superior Court's decision to be consistent with *Nalbone*. However, because Brown did not have the opportunity to prove certain facts that, under *Nalbone*, might allow her to recover from her insurer, we grant Brown leave to renew her Superior Court action if she can establish that she paid consideration or incurred a detriment in order to receive wage reimbursement from her employer.

## I

The factual basis for Brown's claim is not in dispute. On May 16, 1987, Brown was riding in an automobile owned and operated by Terrica Moffett. Another car struck Moffett's vehicle from behind, and Brown suffered injuries that prevented her from working during the period between May 19, 1987 and September 15, 1987. Moffett's vehicle was insured under a policy issued by Nationwide, and under that policy, Brown was eligible to receive payment "for Loss of Earnings, meaning employment income actually lost within two years after the accident." Under a disability program provided by her employer, Brown received $2,080.46, or sixty percent of the wages that she normally would have received during the period of disability. Nationwide paid the remaining forty percent as PIP benefits. Nevertheless, Brown applied to Nationwide for the payment of an additional $2,080.46. On November 18, 1987, the State of Delaware Automobile Arbitration Panel found that Nationwide had properly refused to pay this additional amount. Brown appealed to the Superior Court, and the parties stipulated that because her appeal involved solely a question of law, it was appropriate to bypass arbitration. Following argument, the Superior Court denied Brown's motion for summary judgment, ruling that Nationwide had fulfilled its obligations under its policy by paying forty percent of Brown's lost wages.

## II

On December 28, 1989, this Court issued its opinion in *State Farm Mutual Automobile Insurance Co. v. Nalbone*, 569 A.2d at 71. As they appear on the present record, the facts of this appeal are virtually identical to those in *Nalbone*. There, as here, the insured had argued that the collateral source rule bars a no-fault insurer from reducing its own liability by the value of

reimbursement that the insured received from third parties.[1]

In *Nalbone*, we held that the collateral source rule is properly a doctrine of tort law and that it is unwarranted to expand its reach and apply it against a no-fault insurer, whose obligations stem not from tort liability, but rather from contractual provisions and the duties imposed by 21 *Del.C.* § 2118. Thus, under section 2118 a no-fault insurer is not obligated to compensate its insured for wages not actually lost.

We further held, however, that nothing in section 2118 prevents an insured from contracting for duplicate recovery of lost wages. Thus, if an insured has paid a consideration to recover lost wages from a collateral source, he should be entitled to the benefit of his bargain. Consideration might also take the form of a tangible detriment incurred when the employee opts for wage reimbursement and thereby relinquishes the right to some other employee benefit. However, when the employee receives wage reimbursement as a benefit of his employment and gives up nothing in return, he has lost "neither wages nor consideration paid to a collateral source for wage compensation. Accordingly, the insured has no loss for which his insurer should provide compensation." *Nalbone*, 569 A.2d at 75. *See also Guy J. Johnson Transp. Co. v. Dunkle*, Del.Supr., 541 A.2d 551 (1988).

At oral argument, it was suggested by counsel that Brown may have received wage compensation as part of a "cafeteria-style" benefits programs. Under such a program, an employee may select a limited number of employment benefits from an array of possible choices. An employee who chose to participate in a wage reimbursement plan might be foreclosed from receiving other benefits. Thus, under *Nalbone* she would have incurred a detriment that would provide the basis for a duplicate recovery of lost wages. However, the

---

1. In general, the collateral source rule prevents a tortfeasor or *his* insurer from reducing liability by the value of collateral payments. *See*

*Yarrington v. Thornburg*, Del.Supr., 205 A.2d 1 (1964).

record before us provides no basis for concluding that Brown did, in fact, incur such a detriment. Thus, we must find that the Superior Court's decision was consistent with the principles announced in *Nalbone*.[2]

Because *Nalbone* was decided after the conclusion of Brown's Superior Court action, Brown never had the opportunity to demonstrate facts that would permit recovery under *Nalbone*. Moreover, because Brown's employer no longer does business in Delaware, she has not yet been able to ascertain whether or not such facts can be shown. Accordingly, while we must affirm the trial court's decision on the record before us, Brown may pursue her claim for additional PIP benefits if she can demonstrate to the Superior Court that her receipt of wage reimbursement was supported by some tangible consideration or detriment.

IT IS SO ORDERED.

HOLLAND, Justice, concurring, with whom MOORE, Justice joins:

I concur in the judgment in this case, which remands the matter for further proceedings in the Superior Court. However, I continue to adhere to the views expressed by the dissenting opinion in *State Farm Mutual Automobile Insurance Co. v. Nalbone*, Del.Supr., 569 A.2d 71 (1989).

---

**2.** It must be noted, however, that the trial court relied upon the language of the Nationwide policy to reach its result. In *Nalbone* we held that 21 *Del.C.* § 2118 does not require no-fault insurers to provide compensation for wages not actually lost. Thus, if it is subsequently determined that Brown did incur a detriment in order to receive wage compensation, Nationwide may not assert that its policy language forecloses payment. Section 2118 requires insurers promptly to reimburse losses actually sustained.