# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JACINTO DESOUSA,                          )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )        C.A. No. N17C-09-109 FWW
                                          )
STATION BUILDERS, INC., a foreign         )
corporation, ADAM MCMILLAN                )
CONSTRUCTION, LLC, a limited              )
liability domestic company, and D.R.      )
HORTON, INC. – NEW JERSEY, a              )
foreign corporation,                      )
                                          )
        Defendants.                       )

Submitted: June 15, 2020
Decided: December 3, 2021

*Upon Defendant Adam McMillan Construction, LLC's Motion in Limine*
**DENIED.**

## ORDER

Arthur M. Krawitz, Esquire, and Tara E. Bustard, Esquire, Doroshow, Pasquale, Krawitz & Bhaya, 1208 Kirkwood Highway, Wilmington, DE 19805, Attorneys for Plaintiff Jacinto DeSousa.

Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, 2 Penn's Way, Suite 300, New Castle, DE 19720, Attorney for Defendant Adam McMillan Construction, LLC.

Danielle K. Yearick, Esquire, Tybout, Redfearn & Pell, 750 Shipyard Drive, Suite 400, P.O. Box 2092, Wilmington, DE 19899, Attorney for Defendant D.R. Horton Inc. – New Jersey.

**WHARTON, J.**

This 3rd day of December, 2021, upon consideration of Defendant Adam McMillan Construction, LLC's ("AMC") Motion *in Limine*,[1] the Responses of Defendant D.R. Horton, Inc. – New Jersey ("Horton")[2] and Plaintiff Jacinto DeSousa ("DeSousa"),[3] and AMC's Supplementation of the Record,[4] and the record in this case, it appears to the Court that:

1.      Before the Court is AMC's Motion *in Limine* (the "Motion") to preclude DeSousa from introducing evidence of medical specials and/or indemnity payments made by Liberty Mutual Insurance Company ("Liberty Mutual") pursuant to DeSousa's workers' compensation claim.[5]  This action originated when DeSousa sued the Defendants for injuries sustained from a work-related construction site accident.  DeSousa sued Station Builders, Inc. ("Station Builders"), which had engaged his employer, Wellington Nunez;[6] AMC, the general contractor, which had hired Station Builders; and the property owner, Horton, which had hired AMC.[7]  The Court entered a default judgment against Station Builders on September 24, 2018.[8]

---

[1] AMC's Mot. *in Lim.*, D.I. 98.
[2] Horton's Resp. to Mot. *in Lim.*, D.I. 103.
[3] Pl.'s Resp. to Mot. *in Lim.*, D.I. 104.
[4] AMC's Supplementation of the Record, D.I. 107.
[5] AMC's Mot. *in Lim.*, D.I. 98.
[6] Wellington Nunez may also be known as Wellington Silva.
[7] Pl.'s Third Amend. Compl., D.I. 23.
[8] D.I. 45.

The Court then denied AMC's motion to dismiss on October 8, 2019.[9] In that Order, the Court held that AMC was not entitled to the exclusivity provision of 19 *Del. C.* § 2304, because it did not deem AMC to be DeSousa's employer.[10]

2.     The Complaint alleges that the Defendants were negligent by, among other things, failing to keep the premises in a reasonably safe condition, failing to provide adequate fall protection for workers, failing to provide surroundings or working conditions which were not hazardous or dangerous, and were otherwise negligent.[11] As a result, DeSousa claims injuries to his head, neck, shoulders, and back.[12] He seeks compensatory, punitive, and special damages.

3.     The parties agree that AMC, the general contractor, was deemed to have provided workers' compensation insurance coverage for DeSousa through Liberty Mutual.[13] According to DeSousa, Liberty Mutual has paid $184,373.02 in medical and indemnity benefits.[14]

---

[9] D.I. 92.
[10] *DeSousa v. Station Builders*, et al., 2019 WL 5394166 (Del. Super. 2019).
[11] *Id.*
[12] *Id.* at 18.
[13] AMC's Mot. Dismiss, D.I. 64; Pl.'s Resp. Mot. Dismiss, D.I. 69; Horton's Resp. Mot. Dismiss, D.I. 70. In his response to the Motion to Dismiss, DeSousa explained that AMC provided workers' compensation insurance coverage because Station Builders failed to do so, and AMC failed to obtain a certificate of workers' compensation insurance coverage as required by 19 *Del. C.* § 2311(a)(5). As a result, § 2311(a)(5) required AMC to provide that coverage. D.I. 69.
[14] Pl.'s Resp. to Def. AMC's Mot. *in Lim.*, D.I. 104.

4. On May 14, 2020, AMC moved *in limine* to prohibit DeSousa from introducing evidence of the medical specials and indemnity payments made by Liberty Mutual.[15] AMC notes that this Court previously determined that it was not entitled to the exclusivity provision of 19 *Del. C.* § 2304 because it was not deemed to be DeSousa's employer under 19 *Del. C.* § 2311(a)(5), and thus, may be sued in tort by DeSousa.[16] Also pursuant to § 2311(a)(5), AMC is deemed to have insured DeSousa's workers' compensation claim, for which it alleges it paid premiums to Liberty Mutual.[17] Citing *Stayton v. Delaware Health Corp.,*[18] AMC argues that those facts make him a tortfeasor entitled to claim the advantage of the insurance fund it created with Liberty Mutual.[19] AMC reasons that since it paid for the insurance coverage provided by Liberty Mutual, the payments made by Liberty Mutual were not from a collateral source, but rather from AMC.[20] As a result, DeSousa should not be able to present evidence of medical specials and indemnity payments for which he has been compensated AMC through Liberty Mutual.[21]

---

[15] AMC's Mot. *in Lim.*, D.I. 98.
[16] *Id.*
[17] *Id.*
[18] 117 A.3d 521 (Del. 2017).
[19] *Id.*
[20] AMC's Mot. *in Lim.*, D.I. 98.
[21] *Id.*

5.      DeSousa opposes the Motion.  He notes that Liberty Mutual has a statutory right to reimbursement from any recovery DeSousa might be awarded which right AMC does not address in the Motion.[22]  Thus, he argues AMC is asking the Court to "adjudicate the rights of a non-party and completely disregard a statutory right without any notice given to Liberty Mutual or to obtain its position…"[23] DeSousa relies on *Bounds v. Delmarva Power & Light*,[24] where the court denied the defendant's motion *in limine* to preclude the plaintiff from introducing the amount of workers' compensation benefits he had received.[25]  In *Bounds*, the court held that barring the plaintiff from introducing the medical specials would subject him to "the unfair prejudice of being obligated to pay the lien from his recovery but of having been wrongfully denied the opportunity to present those elements of his damages to the jury."[26]  Further, DeSousa argues that any concern that the collateral source rule would create a windfall for him is misplaced because he is required by statute to reimburse the workers' compensation carrier, Liberty Mutual.[27]  Finally, DeSousa contends that the Delaware General Assembly sanctioned the result he advocates here  when it determined that AMC should be

---

[22] Pl.'s Resp. to Mot. *in Lim.*, D.I. 104.
[23] *Id.*
[24] *Bounds v. Delmarva Power & Light Co.*, 2004 WL 343982 (Del. Super. Ct. Jan. 29, 2004)
[25] *Id.*
[26] *Id.,* quoting *Bounds* at *12.
[27] *Id.*

responsible for workers' compensation payments, while also being denied the protection of exclusivity of remedies.[28]

6.      Horton takes no position to the extent AMC's motion "seeks to preclude the admissibility at trial against all defendants any special damages or losses paid under the Delaware Workers' Compensation Act."[29]   But, Horton opposes AMC's motion to the extent it

> would result in the admissibility of workers' compensation payments or special damages solely against [Horton] at trial and not AMC, or to the extent the motion results in Plaintiff's right to board or admit into evidence the medical bills and lost wages, rather than the adjusted lien-eligible payments for those losses paid under workers' compensation.[30]

Horton asserts that the real party in interest with respect to the right of subrogation or lien is Liberty Mutual, AMC's workers' compensation carrier which paid DeSousa's benefits.[31]  Horton states that AMC has no right to claim or waive Liberty Mutual's statutory lien.  Further, barring admissibility of the lien would keep the jury unaware of the amount, but still force DeSousa to repay the lien, causing an inequitable result.[32] Horton contends that *Stayton* is inapplicable here because *Stayton* did not preclude the admissibility of medical expense damages, it simply limited those damages to the adjusted amount Medicare actually paid rather than the

---

[28] *Id.*
[29] Horton's Resp. to Mot. *in Lim.*, D.I. 103.
[30] *Id.*
[31] *Id.*
[32] *Id.*

6

amount billed by providers.[33] Finally, Horton argues that AMC is neither DeSousa's employer, nor the workers' compensation insurance carrier entitled to a lien under § 2363.[34] Because AMC has made no payments to DeSousa or demonstrated how the premium payments it made to Liberty Mutual for the benefit of its own employees constitutes a fund it created for DeSousa's benefit, it is not entitled to the advantage of credit for the benefits DeSousa received.[35]

7. The collateral source rule is "firmly embedded" in Delaware law.[36] The rule is designed to strike a balance between two competing principles of tort law: "(1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong."[37] The rule provides that "a person deemed legally responsible to another cannot claim the benefit of the ability to recover [ ] from [ ] third party expenses related to [the] injury."[38] When the rule applies, a tortfeasor cannot reduce its damages because of payments or compensation received by the injured person from

---

[33] *Id.*
[34] *Id.*
[35] *Id.* at 3-4.
[36] *Miller v. State Farm Mut. Auto. Ins. Co.*, 992 A2d 1049, 1053 (Del. 2010) (quoting *Yarrington v. Thornburg*, 205 A.2d 1, 2 (Del. 1964)).
[37] *Stayton v. Delaware Health Corp.*, 117 A.3d 521, 526 (Del. 2015) (quoting *Mitchell v. Haldar*, 883 A.2d 32, 37 (Del. 2006)).
[38] *Miller*, 992 A.2d at 1053 (quoting *Guy J. Johnson Transp. Co. v. Dunkle*, 541 A.2d 551, 553 (Del. 1988)).

an independent source.[39] This reasoning is "'predicated on the theory that a tortfeasor has no interest in, and therefore no right to benefit from, monies received by the injured person from sources unconnected with the defendant.'"[40]

8.     As noted above by both DeSousa and Horton, Liberty Mutual is the real party in interest, with respect to the lien.[41] Under 19 *Del. C.* § 2363(e), Liberty Mutual has a statutory right to reimbursement for any recovery made by DeSousa.[42] However, Liberty Mutual is not, and has never been, a party in this proceeding. Thus, AMC is asking the Court to adjudicate the rights of Liberty Mutual, a non-party, in its absence and on an incomplete record.[43] The Court declines that request. AMC has no right to impair Liberty Mutual's right to reimbursement, which could occur if DeSousa were barred from introducing evidence of medical specials and/or indemnity payments made by Liberty Mutual. DeSousa unfairly would be subjected to paying the lien to Liberty Mutual from his recovery to the extent his recovery exceeded the lien, without having had the opportunity to present those elements of

---

[39] *Stayton*, 117 A.3d at 527 (citing Restatement (Second) of Torts § 920A.)
[40] *Stayton*, 117 A.2d at 527 (citing *Mitchell*, 883 A.2d at 38).
[41] *See* 19 Del. C. § 2363(e).
[42] *Id.* ("Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under the Workers' Compensation Act to date of recovery…").
[43] *See Bounds,* at *6.

his damages to the jury. If the recovery did not exceed the lien, Liberty Mutual would be harmed.

9. The real problem for AMC in claiming credit for the benefits paid by Liberty Mutual is that the benefits come with strings. DeSousa did not receive the benefits free and clear. They are subject to Liberty Mutual's lien. There is no logical reason that AMC should receive the advantage of benefits that DeSousa must repay.

10. Moreover, the premium payments AMC made to Liberty Mutual were not made for DeSousa's benefit. Rather, AMC was statutorily "deemed to insure any workers' compensation claims" because it defaulted on its obligation under § 2311(a)(5) to ensure that its subcontractors had workers' compensation insurance. The insurance premiums were paid in lieu of DeSousa's employer making those payments. AMC paid Liberty Mutual premium payments to insure its own employees, not DeSousa. Whether those payments would have constituted a fund created for DeSousa's benefit had DeSousa been an employee of AMC is not before the Court. But it is certainly not a fund created for his benefit as a worker not employed by AMC. Allowing evidence of medical specials and indemnity payments exposes AMC to substantially less unfairness than the unfairness to which DeSousa would be exposed if the Court were to preclude such evidence. AMC is placed in

9

no different position than any other tortfeasor in an action where a plaintiff's recovery is subject to a workers' compensation lien.[44]

**THEREFORE**, Defendant Adam McMillan Construction, LLC's Motion *in Limine* is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[44] *Id.*